**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Jennifer L. Brodsky,         )

        Plaintiff,       )

v.                  )   No.

Unifund CCR Partners, a purported   )
New York general partnership, and   )
Arthur B. Adler & Associates, Ltd.,   )
an Illinois corporation,       )

        Defendants.      )   <u>Jury Demanded</u>

```
FILED: MAY 21, 2008
08CV2955      PH
JUDGE LEINENWEBER
MAGISTRATE JUDGE SCHENKIER
```

### COMPLAINT

Plaintiff, Jennifer L. Brodsky, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that the Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3.    Plaintiff, Jennifer L. Brodsky ("Brodsky"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally to Plains Commerce Bank, but now allegedly owed to Unifund CCR Partners.

4.    Defendant, Unifund CCR Partners, is a purported New York general partnership ("Unifund"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Defendant Unifund was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Brodsky.

5.    Defendant Unifund is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect the full amount of via collection law firms, like Defendant Arthur B. Adler & Associates, Ltd.  Unifund often has no documentary proof to support the validity of the debts that it purchases -- a type of debt the media has recently termed "Zombie Debt".

6.    Defendant, Arthur B. Adler & Associates ("Adler"), is an Illinois professional corporation, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Defendant Adler was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Brodsky.

**FACTUAL ALLEGATIONS**

7.    Back in 1996 or 1997, Ms. Brodsky had a consumer credit card with Plains Commerce Bank, upon which she defaulted, on or about 1997 when she lost her job.  At some unknown point in time, Defendant Unifund allegedly purchased Ms. Brodsky's

long-ago defaulted Plains Commerce Bank consumer debt from another debt
scavenger, Palisades Acquisition XVI, LLC.

8.     On  January 9, 2008, Defendants filed a purported "Verified Complaint At
Law", against Ms. Brodsky in a matter styled: <u>Unifund CCR Partners Assignee of
Palisades Acquisition XVI, LLC v. Jennifer L. Brodsky</u>, No. 2008-M1-101708 (Circuit
Court of Cook County, Illinois)(the "State Court Lawsuit").  A copy of the State Court
Lawsuit is attached as Exhibit <u>A</u>.

9.     The Defendants' State Court Lawsuit was not, in fact, a verified complaint
because several of the factual paragraphs and the attached affidavit were based solely
on information and belief.

10.     The Defendants, in their State Court Lawsuit against Ms. Brodsky, failed
to allege breach of a written contract, failed to attach any evidence of a written contract,
and failed to attach any evidence, or allege any factual basis, of the various alleged
assignments of the account from Plains Commerce Bank to the various debt
scavengers, or any proof of Unifund's actual ownership.

11.     Moreover, in their State Court Lawsuit, the Defendants attached a
purported "Affidavit Of Sale/Assignment And Of Account Balance Due", dated
November 8, 2007, which claimed to be based upon a review of account documents,
when, in fact, Defendants have no such documents; the purported Affidavit claimed that
Ms. Brodsky's account accrued interest at 5% per year.

12.     Even if the Defendants had evidence of a written contract – the signed
account application, terms and conditions, or the card carrier  -- Defendants claim was
wrongly filed after expiration of Illinois' ten-year statute of limitations, pursuant to 735

ILCS 5/13-206, for written contracts.

13.    In that the Defendants have no evidence of a written contract, the State Court Lawsuit was, pursuant to 735 ILCS 5/13-205, governed by Illinois' five-year statute of limitations for claims for breach of unwritten contracts.

14.    Accordingly, when Defendants filed their complaint in 2008 in the State Court Lawsuit, it was filed long after expiration of Illinois five-year statute of limitations for unwritten contracts.

15.    Defendants have a policy, practice and procedure of filing lawsuits on scavenged debts as to which they have no documentary proof and cannot obtain such proof.  Instead, Defendants rely upon obtaining default judgments against consumers, but generally close up shop and dismiss their lawsuits if challenged by an attorney for the consumer.

16.     Ms. Brodsky was forced to hire counsel to defend her from the Defendants' baseless State Court Lawsuit; when confronted with opposition, Defendants closed up shop and dismissed their State Court Lawsuit against Ms. Brodsky on February 4, 2008.

17.    All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

18.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**False Statements**

19.     Plaintiff adopts and realleges ¶¶ 1-18.

20.     Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt.  See, 15 U.S.C. § 1692e.

21.     Defendants' collection actions which violated § 1692e of the FDCPA, include, but are not limited to:

a.)     filing suit well beyond expiration of Illinois' statute of limitation;

b.)     falsely stating the amount of the debt;

c.)     falsely stating that the State Court Lawsuit was a "verified" complaint when, in fact, it was based on information and belief;

d.)     falsely stating that the account at issue accrued interest at 5% per year; and,

e.)     filing a false and deceptive affidavit  -- in support of its claim in the State Court Lawsuit that -- for which the affiant has no actual, personal knowledge of any relevant fact.

22.     Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

23.     Plaintiff adopts and realleges ¶¶ 1-18.

24.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.  <u>See</u>, 15 U.S.C. § 1692f.

25.     Defendant's collection actions which violated § 1692f of the FDCPA, include, but are not limited to:

a.)     filing the complaint in the State Court Lawsuit, when Defendants had no intent, nor any ability, to ever obtain documentary proof to support their claims;

b.)     filing the State Court Lawsuit well beyond the statute of limitations;

c.)     failing to attach, or adequately allege, any facts or proof of the assignments/chain of title to the State Court Lawsuit; and,

d.)     utilizing a false, baseless affidavit in support of their State Court Lawsuit.

26.     Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jennifer L. Brodsky, prays that this Court:

1.     Declare that Defendants' collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Brodsky and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jennifer L. Brodsky, demands trial by jury.

6

Jennifer L. Brodsky,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: May 21, 2008

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

JUDGE LEINENWEBER
MAGISTRATE JUDGE SCHENKIER

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | |
|---|---|
| UNIFUND CCR PARTNERS ASSIGNEE OF PALISADES ACQUISITION XVI, LLC<br>Plaintiff,<br><br>vs.<br><br>JENNIFER L BRODSKY<br><br>Defendant(s) | ) Case No.<br>) Contract<br>)<br>)<br>) Amount Claimed $3,426.44<br>) Plus interest and costs<br>)<br>) Return Date: FEB 1 4 2008<br>) |

### VERIFIED COMPLAINT AT LAW

NOW COMES the Plaintiff, UNIFUND CCR PARTNERS ASSIGNEE OF PALISADES ACQUISITION XVI, LLC, by and through its attorneys, ADLER & ASSOCIATES, LTD., and for its complaint against the Defendant(s), JENNIFER L BRODSKY, alleges and states as follows:

1. That Plaintiff acquired by purchase assignment from the original credit issuer or its successor the account of Defendant(s) JENNIFER L BRODSKY, and is now the bona fide holder of this claim.

2. That upon information and belief from the representations of the assignor, at the specific instance and request of the Defendant(s) JENNIFER L BRODSKY, PLAINS COMMERCE BANK directly or through a retail merchant , issued to Defendant(s) a certain credit card/revolving charge (open end consumer credit) account.

3. That upon information and belief Defendant(s) made various charges to said account since the date of issuance and, after accounting for payments made, there remains an unpaid and past due balance in the sum of $3,408.23, as set forth in the attached affidavit.

4. That demand for payment has been made upon the Defendant(s) but Defendant(s) has/have failed or refused to pay said remaining balance.

5. That Plaintiff claims reasonable attorneys' fees in the sum of $0.00, as provided for in the cardmember agreement, if attached, together with accruing interest, pursuant to the same agreement, at the rate of 5% from October 26, 2007 until the date of judgment. That Plaintiff claims accrued interest of $18.21 to December 4, 2007.

WHEREFORE, Plaintiff, UNIFUND CCR PARTNERS ASSIGNEE OF PALISADES ACQUISITION XVI, LLC, prays judgment be entered in its favor and against the Defendant(s), JENNIFER L BRODSKY, in the amount of $3,426.44, plus applicable interest and costs.

ADLER & ASSOCIATES, LTD.

BY: _____
For the Firm

ADLER & ASSOCIATES, LTD., #00512
ATTORNEYS FOR PLAINTIFF
25 E. WASHINGTON, #500
CHICAGO, IL  60602
312 726-1814
H07798

EXHIBIT
A

UNIFUND CCR PARTNERS

                    Plaintiff,

vs.

JENNIFER L BRODSKY

                    Defendant(s)

## AFFIDAVIT OF SALE/ASSIGNMENT
## AND OF ACCOUNT BALANCE DUE

I, __Joseph Lutz__, an employee of UNIFUND CCR PARTNERS, being duly sworn on oath say:

I am acting in the capacity of Record Specialist & Account Manager for my employer UNIFUND CCR PARTNERS, a partnership organized under the laws of the state of New York, and doing business under the laws of the state of Illinois. I am familiar with the manner and method of which UNIFUND CCR PARTNERS maintains the books and records of its accounts and its affiliates' accounts.

In the normal course of business, UNIFUND CCR PARTNERS maintains computerized account records for accountholders who have delinquent credit accounts purchased by or assigned to UNIFUND CCR PARTNERS. UNIFUND CCR PARTNERS maintains such records in the ordinary and routine course of business and is charged with the duty to accurately record any business act, condition or event into the computer record maintained for the accounts, with the entries made at or near the time of any such occurrence. I have reviewed the relevant computer record as it relates to the above accountholder's credit account, and I make this declaration based upon information from that review, together with a review of any and all records provided by the assignor or prior holder of the account, if any, and if called as a witness, I could testify to the following based on that review.

1.)      That the claim and cause of action against Defendant(s), bearing account number ~~████████████~~, is due and owing the total balance of $3,408.23, as more fully stated in the Complaint (and attached exhibits) filed against Defendant(s). The debt continues to accrue interest at the legally permitted rate of 5%, from October 26, 2007 to the date of judgment; after which interest shall accrue at 9% per annum together with attorney fees where applicable and provided in the contractual agreement, if attached.

2.)      Said agreement and account was sold or transferred or assigned and set unto, UNIFUND CCR PARTNERS, with full power and authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise or satisfaction of the said claim. Further, Affiant states that to the best of Affiant's knowledge, information and belief, there were no uncredited payments, just counterclaims, or offsets against the said debt when sold. Further, the Affiant acknowledges that in making this Affidavit UNIFUND CCR PARTNERS *(current holder or assignee)* has complete authority to settle, adjust, compromise and satisfy the same.

3.)      That the Defendant, if an individual, is not believed to be an active member of any branch of the armed forces of the United States of America, which belief is based upon Plaintiff's personal knowledge, communication to or from the Defendant and review of credit application and/or credit reports and documents.

          Under oath, I am authorized to make this affidavit for UNIFUND CCR PARTNERS, and am informed and believe the above statements are true and correct.

This affidavit executed this 8th day of November, 2007.

                                        Signature

                                        Name printed: Joseph Lutz

The foregoing affidavit sworn to and subscribed before me this 8th day of November, 2007.

     Notary Public

                                        H07798

JENNIFER L. BUSH
Notary Public, State of Ohio
My Commission Expires
October 14, 2009