IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jennifer L. Brodsky, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08CV2955 |
| | ) | JUDGE LEINENWEBER |
| Unifund CCR Partners, a purported | ) | MAGISTRATE JUDGE SCHENKIER |
| New York general partnership, and | ) | |
| Arthur B. Adler & Associates, Ltd., | ) | |
| an Illinois corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendants, Unifund CCR Partners (hereinafter referred to as "Unifund") and Arthur B. Adler & Associates, Ltd. (hereinafter referred to as "Adler & Associates"), by and through their counsel, Joseph P. Kincaid and Kathleen A. Kelley, in response to Plaintiff's Complaint, state as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

   **RESPONSE:** To the extent that Plaintiff can maintain this action, which Defendants deny, Defendants admit that jurisdiction is proper in this Court.

2.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

   **RESPONSE:** Defendants admit that venue in this District for this matter is proper. Defendants deny any remaining allegations that Defendants do not specifically admit.

## PARTIES

3.     Plaintiff, Jennifer L. Brodsky ("Brodsky"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally to Plains Commerce Bank, but now allegedly owed to Unifund CCR Partners.

> **RESPONSE:** Defendants admit that on January 9, 2008, a collection lawsuit was filed by Adler & Associates on behalf of Unifund, in Cook County against Jennifer Brodsky to collect a debt Brodsky originally owed to Plains Commerce Bank. Unifund, as assignee, is deemed to have "stepped into the shoes" of the original creditor. The Collection Complaint, attached as Exhibit A to Plaintiff's complaint, speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff Jennifer Brodsky's residence at the time of this Answer and therefore Defendants deny the allegations contained in paragraph 3 of the complaint. Defendants deny any remaining allegations that Defendants do not specifically admit.

4.     Defendant, Unifund CCR Partners, is a purported New York general partnership ("Unifund"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Unifund was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Brodsky.

> **RESPONSE:** Defendants admit that Unifund is a general partnership. Unifund's principal place of business is located in Cincinnati, Ohio. Defendants admit that, as part of Unifund's business activities, Unifund purchases and manages distressed consumer receivables and, through local collection counsel, attempts to recover those amounts legitimately owed by certain debtors. Defendants deny that Plaintiff fully or accurately characterizes the nature of Unifund's business in paragraph 4 of the complaint. Defendants deny that Unifund is a "debt collector" as defined by the FDCPA as a legal conclusion. Defendants deny any remaining allegations that Defendants do not specifically admit.

5.      Defendant Unifund is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect the full amount of via collection law firms, like Defendant Arthur B. Adler & Associates, Ltd. Unifund often has no documentary proof to support the validity of the debts that it purchases -- a type of debt the media has recently termed "Zombie Debt".

> **RESPONSE:** Defendants admit that, as part of Unifund's business activities, Unifund purchases and manages distressed consumer receivables and, through local collection counsel, attempts to recover those amounts legitimately owed by certain debtors.  Defendants deny that Plaintiff fully or accurately characterizes the nature of Unifund's business in paragraph 5 of the complaint.  Regarding the amount Unifund pays for the distressed consumer receivables it purchases, in addition to such price being confidential and proprietary, Defendants state that Unifund purchases its debts in batches and pays a certain price (different for each batch) for the entire batch and, at the time of purchase, there is no way to determine or calculate the amount paid for each debt purchased; therefore, Defendants deny the allegation that Unifund purchases debts "for pennies on the dollar."  Defendants deny any remaining allegations that Defendants do not specifically admit.

6.      Defendant, Arthur B. Adler & Associates ("Adler"), is an Illinois professional corporation, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Adler was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Brodsky.

> **RESPONSE:** Defendants deny that Plaintiff fully or accurately characterizes the nature of Adler & Associates' business in paragraph 6 of the complaint.  Defendants deny that Adler & Associates is a "debt collector" as defined in the FDCPA as a legal conclusion.  Defendants deny any remaining allegations that Defendants do not specifically admit.

3

## FACTUAL ALLEGATIONS

7. Back in 1996 or 1997, Ms. Brodsky had a consumer credit card with Plains Commerce Bank, upon which she defaulted, on or about 1997 when she lost her job. At some unknown point in time, Defendant Unifund allegedly purchased Ms. Brodsky's long-ago defaulted Plains Commerce Bank consumer debt from another debt scavenger, Palisades Acquisition XVI, LLC.

> **RESPONSE:** Defendants admit that Unifund is the assignee of the debt that Jennifer Brodsky originally owed to Plains Commerce Bank and, as assignee, is deemed to have "stepped into the shoes" of the original creditor. At this time, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the complaint. Answering further, Defendants cannot truthfully admit or deny the remaining allegations contained in paragraph 7 of the complaint because discovery and investigation into this issue are currently still pending and, therefore, Defendants are currently without knowledge of the same.

8. On January 9, 2008, Defendants filed a purported "Verified Complaint At Law", against Ms. Brodsky in a matter styled: <u>Unifund CCR Partners Assignee of Palisades Acquisition XVI, LLC v. Jennifer L. Brodsky</u>, No. 2008-M1-101708 (Circuit Court of Cook County, Illinois)(the "State Court Lawsuit"). A copy of the State Court Lawsuit is attached as Exhibit <u>A</u>.

> **RESPONSE:** Defendants admit that on or around January 9, 2008, the following collection lawsuit was filed by Adler & Associates on behalf of Unifund: <u>Unifund CCR Partners Assignee of Palisades Acquisition XVI, LLC v. Jennifer L. Brodsky</u>, No. 2008-M1-101708, in the Circuit Court of Cook County, Illinois. The Collection Complaint, attached as Exhibit A to Plaintiff's complaint, speaks for itself. Defendants deny any remaining allegations that Defendants do not specifically admit.

9. The Defendants' State Court Lawsuit was not, in fact, a verified complaint because several of the factual paragraphs and the attached affidavit were based solely on information and belief.

> **RESPONSE:** Defendants deny the allegations contained in paragraph 9 as a legal conclusion. Answering further, Defendants state that the collection complaint speaks for itself. Defendants deny each and every remaining allegation contained in paragraph 9.

10. The Defendants, in their State Court Lawsuit against Ms. Brodsky, failed to allege breach of a written contract, failed to attach any evidence of a written contract, and failed to attach any evidence, or allege any factual basis, of the various alleged assignments of the account from Plains Commerce Bank to the various debt scavengers, or any proof of Unifund's actual ownership.

> **RESPONSE:** Defendants state that the collection complaint speaks for itself. Defendants deny each and every remaining allegation contained in paragraph 10.

11. Moreover, in their State Court Lawsuit, the Defendants attached a purported "Affidavit Of Sale/Assignment And Of Account Balance Due", dated November 8, 2007, which claimed to be based upon a review of account documents, when, in fact, Defendants have no such documents; the purported Affidavit claimed that Ms. Brodsky's account accrued interest at 5% per year.

> **RESPONSE:** Defendants state that the collection complaint speaks for itself. Defendants deny the allegations that "Defendants have no such [account] documents." Defendants deny each and every remaining allegation contained in paragraph 11.

12. Even if the Defendants had evidence of a written contract – the signed account application, terms and conditions, or the card carrier -- Defendants claim was wrongly filed after expiration of Illinois' ten-year statute of limitations, pursuant to 735 ILCS 5/13-206, for written contracts.

> **RESPONSE:** Defendants deny the allegations contained in paragraph 12 of the complaint.

13. In that the Defendants have no evidence of a written contract, the State Court Lawsuit was, pursuant to 735 ILCS 5/13-205, governed by Illinois' five-year statute of limitations for claims for breach of unwritten contracts.

> **RESPONSE:** Defendants deny the allegations contained in paragraph 13 as a legal conclusion and a question of law and/or fact. Answering further, Defendants deny the allegations contained in paragraph 13.

14. Accordingly, when Defendants filed their complaint in 2008 in the State Court Lawsuit, it was filed long after expiration of Illinois five-year statute of limitations for unwritten contracts.

> **RESPONSE:** Defendants deny the allegations contained in paragraph 14 as a legal conclusion and a question of law and/or fact. Answering further, Defendants deny the allegations contained in paragraph 14.

15. Defendants have a policy, practice and procedure of filing lawsuits on scavenged debts as to which they have no documentary proof and cannot obtain such proof. Instead, Defendants rely upon obtaining default judgments against consumers, but generally close up shop and dismiss their lawsuits if challenged by an attorney for the consumer.

> **RESPONSE:** Defendants deny the allegations contained in paragraph 15.

16. Ms. Brodsky was forced to hire counsel to defend her from the Defendants' baseless State Court Lawsuit; when confronted with opposition, Defendants closed up shop and dismissed their State Court Lawsuit against Ms. Brodsky on February 4, 2008.

> **RESPONSE:** Defendants admit that they voluntarily dismissed the state court lawsuit on or around February 4, 2008. Defendants deny the remaining allegations contained in paragraph 16.

17. All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

> **RESPONSE:** Defendants deny the allegations contained in paragraph 17 as "vague" and, further, as legal conclusions and questions of law and/or fact.

18.  Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**RESPONSE:** Defendants deny the allegations contained in paragraph 18 as legal conclusions and questions of law and/or fact.

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## False Statements

19.  Plaintiff adopts and realleges ¶¶ 1-18.

**RESPONSE:** Defendants restate and reallege their responses, objections and explanations provided in paragraphs 1 through 18, above.

20.  Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

**RESPONSE:** Defendants admit that paragraph 20 purports to cite certain provisions of §1692e of FDCPA, but deny that such provisions are applicable because Defendants deny that any violation of the FDCPA occurred.

21.  Defendants' collection actions which violated § 1692e of the FDCPA, include, but are not limited to:

  a.  filing suit well beyond expiration of Illinois' statute of limitation;

  b.  falsely stating the amount of the debt;

  c.  falsely stating that the State Court Lawsuit was a "verified" complaint when, in fact, it was based on information and belief;

  d.  falsely stating that the account at issue accrued interest at 5% per year; and,

  e.  filing a false and deceptive affidavit -- in support of its claim in the State Court Lawsuit that -- for which the affiant has no actual, personal knowledge of any relevant fact.

7

**RESPONSE:** Defendants deny the allegations contained in paragraph 21 of the complaint, including subparagraphs (a) through (e).

22.  Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**RESPONSE:** Defendants deny the allegations contained in paragraph 22 of the complaint.

WHEREFORE, Defendants, Unifund CCR Partners and Arthur B. Adler & Associates, Ltd. demand judgment against Plaintiff and in favor of Defendants as to the Complaint in its entirety.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

23.  Plaintiff adopts and realleges ¶¶ 1-18.

**RESPONSE:** Defendants restate and reallege their responses, objections and explanations provided in paragraphs 1 through 18, above.

24.  Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

**RESPONSE:** Defendants admit that paragraph 24 purports to cite certain provisions of §1692f of FDCPA, but deny that such provisions are applicable because Defendants deny that any violation of the FDCPA occurred.

25.  Defendant's collection actions which violated § 1692f of the FDCPA, include, but are not limited to:

   a.  filing the complaint in the State Court Lawsuit, when Defendants had no intent, nor any ability, to ever obtain documentary proof to support their claims;

   b.  filing the State Court Lawsuit well beyond the statute of limitations;

   c.  failing to attach, or adequately allege, any facts or proof of the assignments/chain of title to the State Court Lawsuit; and,

      d.    utilizing a false, baseless affidavit in support of their State Court Lawsuit.

**RESPONSE:** Defendants deny the allegations contained in paragraph 25 of the complaint, including subparagraphs (a) through (d).

26.    Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**RESPONSE:** Defendants deny the allegations contained in paragraph 26 of the complaint.

WHEREFORE, Defendants, Unifund CCR Partners and Arthur B. Adler & Associates, Ltd. demand judgment against Plaintiff and in favor of Defendants as to the Complaint in its entirety.

## AFFIRMATIVE DEFENSES

Without prejudice to their denials or other statements in their pleadings, Defendants, Unifund CCR Partners and Arthur B. Adler & Associates, by and through their counsel, Joseph P. Kincaid and Kathleen A. Kelley, state for their affirmative defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

For their first affirmative defense, Defendants state that Plaintiff fails to state a cause of action for a violation of the FDCPA, 15 U.S.C. § 1692 *et seq.*

WHEREFORE, Defendants, Unifund CCR Partners and Arthur B. Adler & Associates, pray that judgment be entered in their favor and against the Plaintiff, with costs.

## SECOND AFFIRMATIVE DEFENSE

For their second affirmative defense, Defendants state that Plaintiff has not suffered any actual damages as a result of the alleged acts and/or omissions of any of the Defendants.

WHEREFORE, Defendants, Unifund CCR Partners and Arthur B. Adler & Associates, pray that judgment be entered in their favor and against the Plaintiff, with costs.

**THIRD AFFIRMATIVE DEFENSE**

For their third affirmative defense, Defendants state that the collection complaint at issue was not "false, deceptive, or misleading within the meaning of the FDCPA." Alternatively, Defendants state that the alleged violations in no way exemplify the abusive behavior or false or misleading practices Congress had in mind in enacting the FDCPA. Also in the alternative, Defendants state that any alleged violation would not cause even an "unsophisticated consumer" to be confused or misled.

WHEREFORE, Defendants, Unifund CCR Partners and Arthur B. Adler & Associates, pray that judgment be entered in their favor and against the Plaintiff, with costs.

**FOURTH AFFIRMATIVE DEFENSE**

For their fourth affirmative defense, Defendants state that pursuant to 15 U.S.C. § 1692k(c), "[a] debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." On information and belief, if any FDCPA violation is found, that said violation was not intentional, resulted from a bona fide error, and that Defendant(s) maintained procedures reasonably adapted to avoid such an error.

WHEREFORE, Defendants, Unifund CCR Partners and Arthur B. Adler & Associates, pray that judgment be entered in their favor and against the Plaintiff, with costs.

**FIFTH AFFIRMATIVE DEFENSE**

For their fifth affirmative defense, Defendants state that Plaintiff's alleged claims are subject to set-off and/or recoupment of any and all sums due and owing by Plaintiff.

WHEREFORE, Defendants, Unifund CCR Partners and Arthur B. Adler & Associates, pray that judgment be entered in their favor and against the Plaintiff, with costs.

### SIXTH AFFIRMATIVE DEFENSE

For their sixth affirmative defense, Defendants state that, pursuant to 15 U.S.C. § 1692k(d), a plaintiff alleging FDCPA violation(s) must commence the action within one year from the date the violation(s) occurred.  Therefore, any cause(s) of action for any alleged violation(s) that occurred over one year before the date of the filing of this lawsuit are barred by the statute of limitations, pursuant to § 1692k.

WHEREFORE, Defendants, Unifund CCR Partners and Arthur B. Adler & Associates, pray that judgment be entered in their favor and against the Plaintiff, with costs.

### SEVENTH AFFIRMATIVE DEFENSE

For their seventh affirmative defense, Defendants state that, as to Plaintiff's allegations that Defendants violated the FDCPA because Defendants, and/or their employee(s) or agent(s), filed and attached a false affidavit to the collection complaint, Defendants are immune from any civil liability for such types of allegations pursuant to the doctrine of absolute witness immunity and other litigation privileges/immunities.

WHEREFORE, Defendants, Unifund CCR Partners and Arthur B. Adler & Associates, pray that judgment be entered in their favor and against the Plaintiff, with costs.

Respectfully submitted,

SWANSON, MARTIN & BELL LLP


 /s/ _Kathleen A. Kelley_____
One of the Attorneys for Unifund CCR Partners and
Arthur B. Adler & Associates, Ltd.

Joseph P. Kincaid – ARDC 6202639
Kathleen A. Kelley – ARDC 6288296
SWANSON, MARTIN & BELL LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Telephone – 312/321-9100
Facsimile – 312/321-0990